**THE MACKINNON LAW GROUP, PA**
238 E. Davis Blvd., Suite 201
Tampa, FL 33606
Tel # (813) 343-3999
Fax # (866) 908-6555
By: Jason M. Ciofalo, Esquire
Attorneys for Plaintiff, Mark D'Angelo
Our File No. 14 NJ 3030-FD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK D'ANGELO, <br><br> Plaintiff, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | DOCKET NO.: <br><br><br><br> CIVIL ACTION |

## **COMPLAINT**

  **COMES NOW**, MARK D'ANGELO, ("Plaintiff"), and sues SELECTIVE INSURANCE COMPANY OF AMERICA ("SELECTIVE INSURANCE"), for breach of contract and hereby files this cause of action and shows unto the Court the following:

### COMMON FACTUAL ALLEGATIONS

  1. This is an action for damages within the jurisdictional limits of this Court, as well as for additional equitable relief.

  2. At all times relevant herein, Plaintiff, MARK D'ANGELO, owns the insured property located at 1204 River Ave, Belmar, Monmouth County, NJ.

3. At all times referenced herein, Defendant, SELECTIVE INSURANCE COMPANY OF AMERICA [hereinafter referred to as "SELECTIVE INSURANCE,"], is duly authorized to conduct the business of insurance in the State of New Jersey, and was and is engaged in the business of insurance in Monmouth County, New Jersey and throughout the State of New Jersey.  As an insurance company authorized to conduct the business of insurance in the State of New Jersey, SELECTIVE INSURANCE may be served with process by serving the Honorable Kenneth E. Kobylowski, New Jersey Commissioner of Banking and Insurance located at 20 West State Street, PO Box 325, Trenton, NJ 08625.  Request is respectfully made that the Commissioner immediately forward a duplicate copy of the process to the Defendant by certified mail, return receipt requested upon its registered agent, Michael H. Lanza, 40 Wantage Avenue, Branchville, NJ 07890.  This Defendant has sufficient business contact with the State of New Jersey to make it amenable to service of process.

4. This Court has jurisdiction in accordance with 42 U.S.C. 4072.  This suit concerns a Standard Flood Insurance Policy (the "Policy") issued by the Defendant and covering the Plaintiff's insured property, which is located at 1204 River Ave, Belmar, Monmouth County, NJ.  Section VII-R of the Policy expressly provides that any lawsuit brought against the Defendant with regard to the Policy must be filed in the United States District Court for the district in which the Property is located.  Reference to the Policy is hereby made for all purposes.

5. Venue is mandatory in this Court per 42 U.S.C. 4072.  The Property covered by the Policy is located in Monmouth County, New Jersey which is within the jurisdiction of the United States District Court for the District of New Jersey.

6. All conditions precedent to the recovery of all of the relief sought by Plaintiff has occurred or has been performed.

7. In consideration of the premiums paid, SELECTIVE INSURANCE issued to Plaintiff a policy of flood insurance bearing policy number FLD 1305150 with a policy period effective during the time of the flood event ("the Policy"). A copy of the Declarations Page to the Policy as it exists in the Plaintiff's possession is attached as Plaintiff's Exhibit "A." The Policy was in full force and effect when substantial damage occurred to the property as a result of the flood waters of SuperStorm Sandy which accumulated on or about October 29, 2012.

8. The policy insured the Property against damage arising from floods. Section II-A of the Policy defines a "flood" as being a "general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (at least one of which is your property) from (a) Overflow of inland or tidal waters; (b) Unusual and rapid accumulation or runoff of surface waters from any source; (c) Mudflow."

9. The Property was flooded on or about October 29, 2012 (the "Flood"). Flooding is a well-recognized, commonly occurring natural disaster. The water produced by the flood event unusually and rapidly accumulated on the surface of the Property, and it eventually penetrated the insured property through its walls and doors.

10. To the best of the Plaintiff's knowledge, adjacent properties, which are legally separate and distinct from the insured location, were simultaneously flooded by this event, and that flooding was similar to the flooding which occurred at the Property.

11. Water from the flood event damaged the Plaintiff's insured structure and contents.

12. **Coverage D- entitled "Increased Cost of Compliance" (ICC)** under the General Dwelling Policy Form (Insurance Policy for Flood) permits for potential coverage up to $30,000.00 under Coverage A for Building (Dwelling Structure) to allow for "elevation, flood proofing, relocation, or demolition of your structure." To qualify for ICC Coverage, the insured, must demonstrate "Eligibility" in order to trigger this coverage under the Policy. The Flood Policy provides the following language regarding eligibility for ICC coverage:

> D. Coverage D – Increased Cost of Compliance
> ***
> **3. Eligibility**
>   a. A structure covered under Coverage **A** – Building Property sustaining a loss caused by **flood** as defined by this **policy** must:
> ***
>   (2) **Be a structure that has had *flood damage in which the cost to repair equals or exceeds 50 percent of the market value of the structure at the time of the flood*. The State or community must have a substantial damage provision in its flood plain management law or ordinance being enforced against the structure.**

See Art. III(D)(3) (italics and bold emphasis added).

13. On or about January 2017, the Plaintiff filed a claim under the Policy with the Defendant for the Property for his Increased Cost of Compliance Coveage.

14. The Defendant subsequently sent its Correspondence dated February 3, 2017 denying coverage for Plaintiff's ICC claim. A copy of the Defendant's denial letter dated February 3, 2017 is attached as Plaintiff's Exhibit "B."

15. Defendant has neglected to conduct a full and adequate investigation into the amount of ICC Coverage available for Plaintiff under these circumstances after being presented with Plaintiff's documentation for review. A copy of Plaintiff's Documentation relating to his ICC claim which has been provided to Defendant is attached hereto as Plaintiff's Composite Exhibit "C."

16. Defendant has refused to appropriately consider the full scope of flood damages existing at the Plaintiff's property in the form of his ICC benefits which is associated with the above referenced flood event.

**COUNT ONE- BREACH OF CONTRACT AGAINST SELECTIVE INSURANCE**

17. Plaintiff re-alleges paragraph 1 through 16 as if fully set forth herein.

18. The Plaintiff's property was damaged by Flood.

19. The Policy is a contract which requires the Defendant to compensate the Plaintiff for damage resulting from a "flood" as defined in Section II-A of the Policy.

20. The Flood which damaged the Property meets the definition of a "flood" under Section II-A of the Policy. Flood resulted from unusual and rapid accumulation of surface waters and it inundated at least two properties.

21. Despite the Claim made on the Policy, the Defendant has refused to adequately inspect and document all of the information associated with the claim and SELECTIVE INSURANCE has ignored evidence of the full scope of physical changes to

the property caused by Flood. As a result, Defendant has ignored Plaintiff's Claim for Increased Cost of Compliance for this matter.

22. The Defendant has provided no legitimate reason for its refusal to compensate the Plaintiff for all of the damages sustained as a result of the Flood event in the amount of $30,000.00 for his ICC Coverage under the policy.

23. D'ANGELO timely submitted his Sworn Proof of Loss for the Supplemental Flood Claim as required by the National Flood Insurance Policy to SELECTIVE INSURANCE.

24. D'ANGELO timely submitted his documentation associated with his ICC Claim to Defendant for consideration and review.

25. Defendant denied Plaintiff's claim for damage on or about February 3, 2017. A copy of the Defendant's denial letter dated February 3, 2017 is attached hereto as Plaintiff's Exhibit "C."

26. Defendant owed a duty to its policyholder to make prompt and proper payment for the flood claim, and to make available the Policy benefits to compensate its insured for this loss including ICC Coverage. These duties arise from the language of the Policy itself, from the terms of the National Flood Insurance Act of 1968 and its amendments, and Title 44 of the Code of Federal Regulations (CFR).

27. SELECTIVE INSURANCE breached these duties and obligations as stated above, by failing to make available all proper sums to indemnify its insured, and by relying upon a position which is inconsistent and which in effect denied coverage, which is and should be inapplicable under the circumstances of this claim.

28. SELECTIVE INSURANCE has breached the Policy by failing to pay all benefits available and owed under the Policy, by utilizing an inappropriate interpretation of the Policy so as to attempt to avoid its obligations imposed by the Policy and by applicable federal law.

29. As a result of these breaches, Plaintiff has been damaged. Plaintiff seeks additional benefits available under the Policy for Increased Cost of Compliance Coverage under Dwelling A of Plaintiff's General Policy Dwelling Form. Plaintiff has not been made whole, and Plaintiff has been unable to be fully reimbursed for all repairs necessary to return the property to its pre-loss condition as anticipated by the policy.

30. The Defendant's denial of the Claim is unjustified.

31. The Defendant's refusal to compensate the Plaintiff for damage to the Property resulting from the Flood is a breach of the Policy, and the Defendant has therefore committed a breach of their contract with the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiff, MARK D'ANGELO, prays for the following relief:

(a) Award against Defendant for the full value of Plaintiff's Increased Cost of Complaince Coverage in the amount of $30,000.00 which resulted from the flood event associated with SuperStorm Sandy which occurred on or about October 29, 2012; and

(b) All other relief that this Court may determine is just and appropriate.

RESPECTFULLY SUBMITTED, this 23rd day of January, 2018.

                MARK D'ANGELO, PLAINTIFF

                BY: */s/ Jason M. Ciofalo*
                Jason M. Ciofalo, Esquire
                New Jersey Bar No. 006912012
                The MacKinnon Law Group, PA
                238 E Davis Blvd, Suite 201
                Tampa, FL 33606
                Telephone: (813) 343-3999
                Fax: (866) 908-6555
                Email: jciofalo@mackinnon-law.com
                Email: rodonnell@mackinnon-law.com
                Email: policy@mackinnon-law.com